UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED VAN LINES, LLC, § § Plaintiff, § VS. § ANTHONY LERNER and § JENNIFER LERNER, § § Defendants. | CIVIL ACTION NO. 4:17-CV-1442 |

## ORDER AND OPINION

Pending before the Court in the above-referenced cause, grounded in the Interstate Commerce Act ("ICA" or the "Act"), 49 U.S.C. §§ 14705, 13706, and 13702, is Plaintiff United Vane Lines, LLC's ("United") Motion for Default Judgment ("Motion") against Defendants Anthony Lerner and Jennifer Lerner (collectively, "Lerners"). Doc. 10. After careful consideration of the filings, record, and law, the Court denies Plaintiff's motion.

Plaintiff seeks $31,856.86 for breach of contract, unjust enrichment, promissory estoppel, $3,900 in attorney's fees and $767.50 in costs under Texas Civil Practice and Remedies Code Section 38.001, pre-judgment interest of 6% under Texas Finance Code Section 302.002, and post-judgment interest at the "federally-provided rate." Docs. 1 at 5, 10 at 2, 10-5 at 3.

**I. Allegations of United's Complaint and Motion for Default Judgment**

According to United's Complaint, the Lerners "hired United to move their household goods from Stamford, Connecticut to Houston, Texas." Doc. 1 ¶ 9. United then loaded the goods from Lerners' residence in Stamford, and shipped the goods to Lerners' Texas residence under Bill of Lading No. U0382-00655-6 and "United's tariff provisions." *Id*. ¶ 10, 15. The tariff provisions were published as required by the ICA. *Id*. ¶ 15. The goods arrived in Houston, Texas

"on or around August 8, 2016[] and August 15, 2016," *Id*. ¶ 13, but the Lerners did not pay the shipping and tariff invoice totaling $31,856.86, *Id*. ¶ 14–16.

In support of its complaint, United attaches its bill of lading and invoice. The Bill of Lading, signed by "Anthony Lerner," makes the customer responsible for "all freight and other charges accruing on account of shipment in accordance with applicable tariffs or contract rate schedules." The Bill of Lading also makes the "owner of the goods . . . primarily liable for payment in the Event the Carrier extends credit." *Id*. ¶ 11–12, 1-2 at 6 (Section 7). In the invoice dated August 24, 2016, United bills "A. Lerner" for $31,856.86. Doc. 1-3.

United served the Lerners with its Complaint on May 11, 2015 by leaving both sets of documents with Jennifer Lerner. Docs. 6 at 3, 7 at 3. To date, the Lerners have not filed an answer or any other responsive pleading with the Court. Doc. 10 at 1. United next requested entry of default against the Lerners, Doc. 8, which the Clerk signed on December 12, 2017, Doc. 17.

Accordingly, United now moves for final default judgment asking for $31,856.86 for breach of contract, unjust enrichment, promissory estoppel, attorney's fees and costs, pre and post-judgment interest. Docs. 1 at 5; 10 at 2. United attached to its Motion for Default its Complaint, proof of service, request for default, United's affidavit, detailing the losses sustained, Doc. 10-4, and an affidavit of its attorney, Vic Henry, concerning attorney's fees and costs, Doc. 10-5.

## II. Legal Standards and Discussion

Rule 4 of the Federal Rules of Civil Procedure requires the plaintiff to serve a copy of the summons and complaint on the defendant. Fed. R. Civ. P. 4(c)(1). If the opposing party then fails to plead or otherwise defend as required by law, the serving party is entitled to entry of a default

by the clerk of the court. Fed. R. Civ. P. 55(a). Following entry of the clerk's default, the Court may enter a final default judgment. Fed. R. Civ. P. 55(b). Local Rule 5.5 requires that a motion for default judgment be served upon the defendant via certified mail, return receipt requested. S.D. Tex. L.R. 5.5.

Yet, "a defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). When considering the motion for default judgment, the court should accept as true all well-pleaded allegations of fact in the complaint and a defendant is barred from contesting those facts on appeal. *Id.*; *Wooten v. McDonald Transit Associates, Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) (holding that a defendant does not admit facts that are not well-pleaded or to admit conclusions of law.) As to damages, a default judgment may be entered if the plaintiff's claim is for a sum certain or a sum which can be made certain by computation; otherwise, the court must hold a hearing to determine the appropriate award. *Richardson v. Salvation Army*, 161 F.3d 7, *1 (5th Cir. 1998).

To determine if a default judgment should be entered against a defendant, courts apply a two-step analysis. *Entizne v. Smith Moorevision, LLC*, No. 3:13–CV–2997–B, 2014 WL 1612394, at *1 (N.D. Tex. Apr. 22, 2014) (citing *Ins. Co. of the W. v. H & G Contractors, Inc.*, No. C10–390, 2011 WL 4738179, at *2–3 (S.D. Tex. Oct. 5, 2011)). First, the court decides whether entry of default judgment is appropriate under the circumstances. *Id*. (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998)). The court considers the following factors to resolve the issue: (1) whether material issues of fact exist; (2) whether there has been substantial prejudice; (3) whether the grounds for default are clearly established; (4) whether the default was

caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the court would find itself obliged to set aside the default on the defendant's motion. *Id*. As a second step, the court weighs the merits of the plaintiff's claims and must find an adequate basis in the pleadings to support a default judgment. *Id*. (citing *Nishimatsu*, 515 F.2d at 1206).

Here, the Court finds that United has not satisfied Local Rule 5.5. United did not satisfy Local Rule 5.5 by mailing a copy of the Motion to Lerners via certified mail, return receipt requested. Doc. 10. Without compliance with Local Rule 5.5, the Court will not grant default judgment.

In anticipation of United's eventual compliance, the Court expresses two additional concerns that weigh in the factors it considers before granting default judgment: United's complaint is not well-pleaded. It's complaint has not sufficiently articulated its theory of liability against Jennifer Lerner. First, United has not pled how the Interstate Commerce Act, 49 U.S.C. §§ 14705, 13706, and 13702, is implicated or how the ICA ties into United's breach of contract, unjust enrichment, and promissory estoppel claims, if at all. Doc. 1. Second, United has not indicated how Jennifer Lerner is liable. United does not claim that Jennifer Lerner signed the Bill of Lading, but makes bare allegations against her for breach of contract, quasi contract, and promissory estoppel claims. *Id.*; *see Wooten*, 788 F.3d at 496; *Nishimatsu*, 515 F.2d at 1206. The Court expresses no opinion on how counsel should address these concerns.

In sum, the Court holds that entry of default judgment inappropriate at this time.

### III. Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that United's motion for default judgment, Doc. 10, is **DENIED** without

prejudice and may be re-urged.

SIGNED at Houston, Texas, this 5th day of March, 2018.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE